UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMANDA NEGRON,

        Plaintiff,

v.

CASE NO.:

KEYSTONE PAYING AGENT, INC.,
a Florida Corporation, and
DISNEY DESTINATIONS, LLC.,
a Limited Liability Company,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMANDA NEGRON ("Ms. Negron" or "Plaintiff") files this Complaint against Defendants, KEYSTONE PAYING AGENT, INC., ("Keystone") and DISNEY DESTINATIONS, LLC. ("Disney") (collectively "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

1

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendants and worked for Defendants in Orange County, Florida.

5. Keystone is a Florida corporation that is located and does business in Orange County, Florida, and is therefore within the jurisdiction of this Court.

6. Disney is a Florida limited liability company that is located and does business in Orange County, Florida, and is therefore within the jurisdiction of this Court.

7. Plaintiff worked for Defendants in Orange County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

8. At all times relevant, Defendants were employers covered by the FMLA, because it engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her serious medical condition; and (b) she was employed by Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Defendants, at all times material to this Complaint, are joint employers, based on the fact that Defendants: (a) had the power to hire and fire Plaintiff; (b) determine Plaintiff's rate and method of payment; (c) supervised and controlled Plaintiff's work schedules or conditions of employment; and/or (d) maintained Plaintiff's employment records.

11. Defendants, at all times material to this Complaint, are integrated employers, based on the fact that Defendants share: (a) interrelated operations; (b) common management; (c) control of labor relations; and/or (d) common ownership.

## FACTUAL ALLEGATIONS

12. Ms. Negron worked for Defendants, most recently as a Sales Agent, from October of 2007 until her termination on May 22, 2020.

13. Ms. Negron was an excellent employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

14. Ms. Negron has, for years, suffered from a disability and chronic, serious health condition, namely migraine headaches.

15. In late 2019, Ms. Negron treated with her physician, and received FMLA certification paperwork.

16. Ms. Negron submitted the paperwork to Defendants and was approved for intermittent unpaid FMLA leave from January 6, 2020, through January 6, 2021.

17. In January of 2020, Ms. Negron utilized a couple of days of intermittent FMLA leave in order to treat and address flare-ups of her migraines.

18. In response, one of Defendants' Supervisors, Daniel Fonseca, reduced her Quality Leader Rate on her monthly evaluation in retaliation for her suffering a serious health condition, and for her utilizing FMLA leave in order to treat the flare-ups.

19. Mr. Fonseca confirmed to Ms. Negron that she was being penalized for her absences despite Ms. Negron advising her absences were related to her treating her serious health condition.

20. In the ensuing weeks and months, Mr. Fonseca froze Ms. Negron out, declining to timely respond to emails from her, declining to assist her with her calls and evaluations, and canceling some of her one-on-one time with him while keeping his one-on-one appointments with other Sales Agents.

21. Ms. Negron continued to use, as medically necessary, FMLA leave through May 2020, to treat her serious health condition.

22. Defendants again gave Ms. Negron a poor Quality Leader Rate on her monthly evaluation for April of 2020 in retaliation for her use of FMLA leave.

23. On May 22, 2020, Mr. Fonseca and another Defendants' Supervisor, Molly Joyner, informed Ms. Negron that Defendants had decided to terminate her employment, effective immediately.

24. The timing of Plaintiff's termination, after using protected FMLA leave and objecting to discrimination and retaliation, demonstrates that Defendants interfered with and retaliated against Ms. Negron for exercising her FMLA rights.

25. Moreover, because Defendants acted with intent to interfere with, and otherwise retaliate against Plaintiff for her use of FMLA leave Defendants' actions likewise constitute FMLA retaliation.

26. Due to Defendants' conduct Plaintiff was discouraged from taking further FMLA leave.

27. As a result of Defendants' conduct, Plaintiff failed to take FMLA leave she was otherwise entitled to take.

28. Defendants' stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

29. The timing of Plaintiff's use of protected FMLA leave, and Defendants' termination of her employment, alone demonstrates a causal and

temporal connection between her protected activity, and the illegal actions taken against her by Defendants.

30. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

31. Defendants did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

33. At all times relevant hereto, Plaintiff was protected by the FMLA.

34. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

35. At all times relevant hereto, Defendants interfered with Plaintiff by discouraging her from taking FMLA leave, and by terminating her while approved to take FMLA leave.

36. As a result of Defendants' willful and unlawful acts by interfering with Plaintiff in her attempt to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

39. At all times relevant hereto, Plaintiff was protected by the FMLA.

40. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

41. At all times relevant hereto, Defendants retaliated against Plaintiff by firing her for her use of FMLA protected leave and for her objections to discrimination and retaliation as a result of using FMLA leave.

42. Defendants acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights, and sought to exercise her rights to take leave pursuant to the FMLA.

43. As a result of Defendants' intentional, willful and unlawful acts by retaliating against Plaintiff for her use of FMLA protected leave, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

44. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 12th day of August, 2021.

Respectfully Submitted,

By**:/s Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*